```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

FREDDIE L. COLQUITT,

        Plaintiff,

vs.                                  Case No.  2:03-cv-1-FtM-29SPC

GERALD CAMP, JAMES BROOKS,
M. LAFONTAIT, SGT. L. HAY,
CAPT. THOMAS ELLEGOOD, and
STEVE WITHROW,

        Defendants.

_____

**<u>ORDER</u>**

This matter comes before the Court upon Defendants' Joint Motion to Dismiss Plaintiff's Complaint (Doc. #56) filed on behalf of Defendants Ellegood, Camp, and Hay ("Defendants' Motion"). Plaintiff filed a Response in Opposition to Defendants' Motion (Doc. #58).

Plaintiff, an inmate in the Lee County Jail, filed a *pro se* civil rights complaint alleging constitutional violations in connection with the refusal by jail officials to accommodate Plaintiff's dietary restrictions during the Islamic Ramadham Holy Fast (hereinafter "Plaintiff's Amended Complaint," Doc. #12).  In particular, Plaintiff's Amended Complaint sets forth with specificity the dates and efforts Plaintiff allegedly undertook to ensure that his diet would conform with his religious Islamic

scruples prior to his observance of Ramadham from November 6, 2002 - December 6, 2002.  Plaintiff alleges that one week prior to Ramadham, he submitted a dietary request and, with the assistance of the prison chaplain and another correctional officer, made repeated requests throughout the duration of Ramadham to obtain his dietary meals in order to observe the dictates of his religious fast.  Plaintiff claims that Defendants Hay and Withrow retaliated against him by writing disciplinary reports against Plaintiff and removing from Plaintiff's cell his blanket and certain legal documents.  Plaintiff claims that, in order to adhere to his religious tenets, he ate only partial meals, missed entire meals, and went without any food for whole days.  As a result, Plaintiff claims he suffered "severe hunger pains" as well as a "diminished qualitative spiritual experience."  Complaint, page 12.  Additionally, Plaintiff claims that he "became sick from being denied a nutritional diet."  Plaintiff seeks as relief "compensatory damages," as well as damages for "mental" and "emotional" distress, and "medical damages." Amended Complaint, page 10.

Defendants' Motion seeks dismissal of Plaintiff's Amended Complaint on the following three grounds: (1) Plaintiff's claim is barred by the Prison Litigation Reform Act because "Plaintiff makes no allegation that he suffered any physical injuries as a result of Defendants' actions" (Defendants' Motion, page 2); (2) Plaintiff failed to comply with Florida Statutes §768.28(6)(a) by giving

notice to the Florida State Department of Insurance (Defendants' Motion, page 2) ; and (3) Plaintiff did not specify whether he is suing the Defendants in their official or individual capacities. (Defendants' Motion, page 2). The Court finds Defendants' Motion lacks any substantive foundation.

It is well established that a court may grant a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the defendant can show beyond all doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Luckey v. Harris, 860 F.2d 1012, 1016 (11th Cir. 1988). In considering such a request, the court accepts all material allegations as true and construes them in a light most favorable to the nonmoving party. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004), citing Leatherman v. Tarrant County, 507 U.S. 163 (1993). The heightened pleading standard is not otherwise applicable. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent

-3-

standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

In any 42 U.S.C. § 1983 cause of action, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present.

> A successful section 1983[1] action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995). In addition, for liability under 42 U.S.C. § 1983, Plaintiff must allege an affirmative causal connection between the Defendant's conduct and the constitutional deprivation. Swint v. City of Wadley, Alabama, 51 F.3d 988 (11th Cir. 1995).

Plaintiff's allegations that he was repeatedly denied a diet that was consistent with his purported sincerely held Islamic beliefs states a valid claim under §1983. See Turner v. Safley, 482 U.S. 78, (1987); Beerheide v. Suthers, 286 F.3d 1179 (10th Cir.

---

[1]Section 1983 provides in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . [or] suit in equity." 42 U.S.C. § 1983.

2002); <u>DeHart v. Horn</u>, 227 F.3d 47 (3rd Cir. 2000); <u>Eason v. Thaler</u>, 14 F.3d 8 (5th Cir. 1994). Contrary to Defendants' Motion, Plaintiff **does** claim that he suffered physical injury. Moreover, even if a plaintiff cannot prove actual injury, Section 1997e(e) does not preclude the award of nominal damages where a plaintiff prevails on a §1983 claim. <u>Hughes v. Lott</u>, 350 F.3d 157. 1162 (11th Cir. 2003).

Similarly, the Court rejects Defendants' argument that the Amended Complaint must be dismissed because Plaintiff failed to give the pre-suit notice required by the Florida statute regarding negligence claims. (Motion p. 2). The Amended Complaint alleges § 1983 constitutional claims, not simply a negligence claims. No pre-suit notice is required of a § 1983 claim.

Last, Plaintiff's failure to designate whether he intended his claim against Defendants in their official or individual capacities, or both, is not fatal to the claim. As stated earlier, Plaintiff's *pro se* status requires the Court to liberally construe the Amended Complaint. <u>Hughes v. Lott</u>, 350 F.3d 1157 (11th Cir. 2003). Where the Court cannot determine whether a plaintiff intends to sue the named parties individually or in their official capacity, the Court will construe the claim as suing the persons in both capacities. <u>See</u> <u>Hobbs v. Roberts</u>, 999 F.2d 1526 (11th Cir. 1993). Here, Plaintiff in his Response clarifies that he is suing the named

defendants in both their individual and in their official capacities.  Plaintiff's Response, page 3, ¶4.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  Defendants' Joint Motion to Dismiss Plaintiff's Complaint (Doc. #56) is **DENIED**.

2.  Defendants Ellegood, Camp, and Hay shall file an Answer to Plaintiff's Amended Complaint within thirty (30) days of this Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this __28th__ day of July, 2005.

_____
JOHN E. STEELE
United States District Judge


SA:   hmk
Copies: All Parties of Record