UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDDIE L. COLQUITT,

                Plaintiff,

v.                                                  Case No.  2:03-cv-1-FtM-29SPC

M. LAFONTAIN and SGT. L. HAY,

                Defendants.

_____

## REPORT AND RECOMMENDATION[1]

    This matter comes before the Court on the District Court's Order Referring the Issue of

Damages to the Magistrate Judge for the Purpose of Holding an Evidentiary Hearing or Other

Appropriate Proceeding and Submitting a Report and Recommendation Regarding the Amount of

Damages (Doc. # 94) Issued March 19, 2007.

Procedural History

    The Plaintiff Freddie L. Colquitt,[2] proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C.

§ 1983 on January 2, 2003, which he subsequently amended (Doc. #12).  Plaintiff's Amended

---

[1]Any party may file and serve objections hereto within TEN (10) DAYS after service of this opinion.  Failure to do so shall bar the party from a de novo determination by the district judge of an issue covered herein and contesting factual findings on appeal. See 28 U.S.C. Section 636(b)(1); Fed. R. Civ. Pro. 72(b), 6(a) and (e); Rule 6.02(a) and 4.20(a), Local Rules for United States District Court for the Middle District of Florida.

[2]At the time Plaintiff filed his Complaint, Plaintiff was a pretrial detainee held in the Lee County Jail.  Plaintiff was subsequently convicted and transferred to Okeechobee Correctional Institution on August 16, 2006.  Plaintiff has been returned to the Lee County Jail for post-conviction proceedings. See http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections).

Complaint alleges violations of Plaintiff's First Amendment rights for denying Plaintiff freedom of religion and retaliation. Specifically, Plaintiff claims that various defendants, including Defendant LaFontain, who was the cook for the food service provider at Lee County Jail (Trinity Food Service), refused to accommodate Plaintiff's dietary restrictions during the Islamic Ramadan Holy Fast and otherwise failed to provide Plaintiff with a vegetarian diet, which Plaintiff states is his religious diet (Doc. #12) (hereinafter "AC").[3]

Pursuant to the Court's December 3, 2004, Order and Fed. R. Civ. P. 55(a), a Clerk's Entry of Default (Doc. #60) was entered against Defendant Lafontain on December 29, 2004, (Doc. #59). See also M.D. Fla. Local Rule 1.07(b) (when service has been properly effected but no response or appearance is made within the time and manner provided by Fed. R. Civ. P 12, the party effecting service shall promptly move for a Clerk's Default pursuant to Fed. R. Civ. P. 55(a)). The Plaintiff filed a "Detailed Affidavit Establishing Facts Supporting Injuries Suffered As a Result of Constitutional Violations Committed by Defendant M. Lafontain, on February 16, 2005" ("Plaintiff's Affidavit" Doc. #63), which the Court construed as a Motion for Entry of Final Judgment against Defendant LaFontain. Judgment was entered in favor of Plaintiff on May 19, 2007, (Doc. #94). Because the Court determined the amount of damages was not a sum certain, the matter of damages was referred to the undersigned (Doc. #94). An evidentiary hearing regarding the matter of damages was held on June 7, 2007.[4] In an abundance of caution, this Court, by Order, advised Defendant

---

[3]Additionally, Plaintiff states that Defendant Hay retaliated against him after Plaintiff filed various grievances and complaints in connection with his diet issues. Defendant Hay and Plaintiff agreed to a settlement of this action on May 31,2007 (Doc. #114).

[4]References to the transcript from the June 7, 2007 evidentiary hearing are designated by (Tr.).

Lafontain of the default judgment and provided him a copy of the Notice of Hearing (Doc. #117). The Clerk of Court confirmed that the Notice of Hearing was sent to Defendant Lafontain, in care of Trinity Food Service at the Lee County Jail, via facsimile and first class mail. (Tr. 2:13-25, 3:1-4). Defendant Lafontain did not respond to the Court's Order or appear for the hearing.

## Discussion and Law

According to the Amended Complaint, Plaintiff requests compensatory damages in the amount of $30,000, and "any additional relief this Honorable Court may deem appropriate." (AC at 10). Plaintiff offered his own testimony, a medical request, and copies of his inmate account that reflected debits for canteen and medical expenses to support his request for damages.[5] Plaintiff explained that he repeatedly was denied his religious diet (vegetarian diet) from November 2002 through March 2003, resulting in Plaintiff experiencing hunger pains during the "majority" of this time period. Plaintiff calculated that approximately 80% of the time, he was either denied his meals because he was provided with the wrong meals, at the wrong time, or the food was nutritionally insufficient. (Tr. 28: 8-25, 29:1-6). The Plaintiff testified that, in order to supplement his nutritional needs and "sustain" himself, he would purchase dietary items from the canteen or barter with other inmates for food in violation of the institution's regulations. He did this "to survive." (Tr. 12: 12-25, 13:1-22). As an example, The Plaintiff testified that for a three week period he was fed only a salad, which was comprised mostly of lettuce, for breakfast, lunch and dinner. When he would send the salad back and ask for a proper vegetarian diet, he often would receive nothing in return. Plaintiff offered testimony that his inmate account was debited $100.00 a month for subsistence costs and

---

[5]The Court marked the exhibits submitted by Plaintiff at the evidentiary hearing as Plaintiff's Composite Exhibit No. 1. Reference to this exhibit will be designated "Plaintiff's Composite Ex. #1".

seeks reimbursement of these fees since he did not receive the meals for which he was charged. (Tr. 11:16-25, 12:1- 4). Similarly, Plaintiff seeks reimbursement of the monies he spent weekly on canteen for food items, which Plaintiff states was no more than $60.00 per week. (Tr. 11:5-16).

Additionally, during the Islamic Holy Month of Ramadan in November 2002, the Plaintiff was not provided with his Islamic Holy Fast at appropriate times. Due to his fast during this period, Plaintiff was unable to supplement his meals during the day from his canteen and became sick. He testified that he suffered from chills and developed an infection and cold. (Tr. 14:8-15). A sick call slip dated November 14, 2002, evidences that Plaintiff sought medical assistance, was prescribed medication and was provided with an additional blanket. (Plaintiff's Composite Ex. #1).

Plaintiff claims that he suffered emotional distress and became "very frustrated . . . and angry" during the month of Ramadan due to his deteriorating physical state. (Tr. 18:4-24). He explained that he had difficulty "spiritually" due to the "combativeness" he experienced on a daily basis. (Tr. 18:4-24). The Court finds that the Plaintiff has provided sufficient evidence in support of his damages and injuries he claims he suffered. Adolph Coors Co., v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (in a default situation, "[d]amages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (citations omitted). Because the Plaintiff has demonstrated that he sustained a physical injury, albeit a *de minimis* one, he is entitled to damages for emotional distress. 42 U.S.C. § 1997e(e). Although the Plaintiff requested damages in the amount of $30,000 in his Amended Complaint, the Plaintiff in his Affidavit requests "reasonable damages" and at the evidentiary hearing, the Plaintiff stated that "to be honest" he could not quantify his damages. (Aff. at 4); (Tr. 4:12-25, 5:1-2).

This Court is of the opinion that, based upon the factual allegations contained within the Amended Complaint; the assertions stated within Plaintiff's Affidavit; and Plaintiff's testimony at the evidentiary hearing, as supported by Plaintiff's Composite Exhibit No. 1, the Plaintiff is entitled to **compensatory damages** in the amount of **$5,000.00**.  Bogle v. McClure, 332 F.3d 1347, 1359 (11th Cir. 2003) ("A plaintiff may be compensated for intangible, psychological injuries as well as financial, property, or physical harms"; plaintiff's own testimony of embarrassment and humiliation can be sufficient to support an award for compensatory damages) (citation omitted), cert. dismissed, 540 U.S. 1158 (2004); Slicker v. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000) ("In addition to damages based on monetary loss or physical pain and suffering . . . a § 1983 plaintiff also may be awarded compensatory damages based on demonstrated mental and emotional distress) (citations omitted).

Additionally, the Court construes Plaintiff's request for "any additional relief this Honorable Court may deem appropriate" to include a demand for nominal damages.  Here, the Court recommends that Plaintiff be awarded **nominal damages** in the amount of **$100.00** due to the violation of his First Amendment rights, as well be reimbursed **$285.00** for the **costs** incurred and paid by Plaintiff in bringing this suit. Boxer v. Donald, 169 Fed. Appx. 555, 559 (11th Cir. 2006)(holding that the use of phrase "any other relief" implies a request for nominal damages); Memphis Community School Dist. v Stachura, 477 U.S. 299, 310 (1986); Carey v. Piphus, 435 U.S. 247, 266-67, 98 S. Ct. 1042, 55 L. Ed 2d 252 (1978) (approving the award of nominal damages to vindicate the violation of "absolute rights"); Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003); See also Williams v. Kaufman, 352 F.3d 994, 1014-15 (5th Cir. 2003) (finding that $100.00 as the modern day equivalent of $1.00 nominal damage award). Plaintiff does not request, nor does the undersigned find

that the record supports, an award for punitive damages.  Smith v. Wade, 461 U.S. 30, 51, 103 S.

Ct. 1625, 75 L. Ed. 2d 632 (1983).

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

For the above-stated reasons, that judgment be entered against the Defendant Lafontain in the

amount of **$5,385.00.**

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, on this ___29th___ day of June, 2007.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

SA: hmk
Copies: All Parties of Record

–6–